## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**FINEMAN KREKSTEIN & HARRIS, P.C.**
*A Pennsylvania Professional Corporation*
BY    RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
        GRAEME E. HOGAN, ESQUIRE
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA  19103-1628
(v) 215-893-9300; (f) 215-893-8719
rperr@finemanlawfirm.com
mlittman@finemanlawfirm.com
ghogan@finemanlawfirm.com
**Attorneys for Defendant Stellar Recovery, Inc.**

| | | |
|---|---|---|
| DERRICK SIMS, individually and on behalf of all others similarly situated, <br>     Plaintiff <br><br> v. <br><br> STELLAR RECOVERY, INC., and JOHN DOES 1-25, <br>     Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br><br><br><br><br><br><br> NO. 2:17-cv-01942-JLL-SCM |

### FINEMAN KREKSTEIN & HARRIS, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

FINEMAN KREKSTEIN & HARRIS, P.C. hereby files this Motion for Leave to Withdraw as Counsel for Defendant, Stellar Recovery, Inc. ("Defendant"), and in support thereof states as follows:

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. 3
I.      FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 4
II.     LEGAL ARGUMENT ....................................................................................................... 5
    A.     Standard of Review ...................................................................................................... 5
    B.     FKH Should be Permitted to Withdraw from Representation Because Defendant Has Discharged FKH and Alternatively Good Cause Can be    Shown for Withdrawal ........ 6
III.    CONCLUSION .................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

*Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160 (3d. Cir. 2007) .................................. 7
*Euro Classics, Inc. v. PBB Global Logistics*, 2008 U.S. Dist. LEXIS 61437 (D.N.J. Aug. 11, 2008) ......................................................................................................................................... 7
*Greig v. Macy's Northeast*, 1996 U.S. Dist. LEXIS 22142 (D.N.J. Nov. 21, 1996) ...................... 5
*Haines v. Liggett Group, Inc.*, 814 F. Supp. 414 (D.N.J. 1993) ............................................. 5, 6, 7
*Jacobs v. Pendel*, 236 A.2d 888 (N.J. Super. Ct. App. Div. 1967) ................................................ 6
*Kriegsman v. Kriegsman*, 150 N.J. Super. 474 (Super. Ct. App. Div. 1977) ................................ 7
*Richmond v. Winchance Solar Fujian Tech. Co.*, 2014 U.S. Dist. LEXIS 107145 (D.N.J. Aug. 5, 2014) ......................................................................................................................................... 6
*Rusinow v. Kamara*, 920 F. Supp. 69 (D.N.J. 1996) ..................................................................... 6
*Sundholm v. eSuites Hotels, LLC,* 2014 U.S. Dist. LEXIS 148811 (D.N.J. Oct. 20, 2014) ........... 5
*U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244 (D.N.J. 1997) ............................................................................................................................ 6

**Rules**

L. Civ. R. 102.1 ............................................................................................................................... 5
L. Civ. R. 103.1(a) .......................................................................................................................... 5
RPC 1.16(a)(3) ............................................................................................................................ 5, 6
RPC 1.16(b) .................................................................................................................................... 5
RPC 1.16(c) ..................................................................................................................................... 5

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 2017, Plaintiff Derrick Sims ("Plaintiff") filed a Complaint, individually and on behalf of all others similarly situated, against Defendant Stellar Recovery, Inc. ("Defendant"). (Doc. 1). Defendant then entered into an agreement to engage Fineman Krekstein & Harris, P.C. ("FKH") to represent it in defending against Plaintiff's Complaint, and Richard J. Perr, Esq. ("Perr"), Monica M. Littman, Esq. ("Littman"), and Graeme E. Hogan ("Hogan"), entered their appearances for Defendant. (*See* Declaration of Monica M. Littman ("Declaration") at ¶ 4). (Docs. 6, 8, 11). This case is a class action dispute under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), regarding one collection letter Defendant sent to Plaintiff dated September 13, 2016. (Doc. 1 at Exhibit A).

As of January 25, 2018, FKH has been directed by Defendant to cease representation in this matter and several other matters. (*See* Declaration at ¶ 5). FKH is authorized to state that Defendant has ceased operations. (*See* Declaration at ¶ 6). Defendant also has failed to fully compensate FKH for the work it has performed. (*See* Declaration at ¶ 7). On January 30, 2018, undersigned counsel advised this Court and counsel for Plaintiff during a telephonic status call that FKH intended to seek leave to withdraw. (*See* Declaration at ¶ 8). This Court then entered an Order that day scheduling a hearing on Defendant's forthcoming motion to withdraw and requiring FKH to provide a copy of the Order to Defendant. (Doc. 16). On February 20, 2018, FKH provided a copy of the January 30, 2018 Order to Defendant. (*See* Declaration at ¶ 9). The Order was sent to Garrett Schanck, Chief Operating Officer, Stellar Recovery, Inc., 4800 Spring Park Road, Jacksonville, Florida 32207, and this is Defendant's last known contact information. (*See* Declaration at ¶ 10). Copies of the Order were delivered on February 21, 2018 and

February 23, 2018.  (*See* Declaration at ¶ 11).  For all of these reasons, good cause exists for FKH, Perr, Littman, and Hogan to withdraw their appearances.

II.     **LEGAL ARGUMENT**

   A.     **Standard of Review**

Local Civil Rule 103.1 states that the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court ("RPC") govern the conduct of attorneys in the State of New Jersey. L. Civ. R. 103.1(a).  Specifically, RPC 1.16(a)(3) states that "Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: . . . (3) the lawyer is discharged."\[1]  RPC 1.16(b) lists several situations in which an attorney may withdraw from representation of a client.  Among the reasons are (1) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (2) other good cause. RPC 1.16(b).

Whether or not to grant withdrawal is within the discretion of the Court.  *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993); *see also Sundholm v. eSuites Hotels, LLC,* 2014 U.S. Dist. LEXIS 148811, *4 (D.N.J. Oct. 20, 2014).  In the District of New Jersey, Local Rule 102.1 provides that unless "other counsel is substituted, no attorney may withdraw an appearance except by leave of Court.  After a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court." L. Civ. R. 102.1; *see also Greig v. Macy's Northeast*, 1996 U.S. Dist. LEXIS 22142, *7-8 (D.N.J. Nov. 21, 1996).  In making a determination for withdrawal, a court considers four criteria: (1) the reasons why withdrawal is

---

[1]     RPC 1.16(c) states that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

sought; (2) the prejudice withdrawal may cause to litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case. *Haines*, 814 F. Supp. at 423; *see also U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997); *Richmond v. Winchance Solar Fujian Tech. Co.*, 2014 U.S. Dist. LEXIS 107145, *8 (D.N.J. Aug. 5, 2014).

> B.   **FKH Should be Permitted to Withdraw from Representation Because Defendant Has Discharged FKH and Alternatively Good Cause Can be Shown for Withdrawal**

In accordance with RPC 1.16(a)(3) FKH should be permitted to withdraw from its representation of Defendant as Defendant has ceased operations and discharged FKH. (*See* Declaration at ¶¶ 5-6).

Additionally, FKH should be permitted to withdraw under RPC 1.16(b), because good cause exists since FKH will face financial prejudice if forced to continue representing Defendant. (*See* Declaration at ¶ 7). This Court has found good cause for granting permissive withdrawal where an attorney and client have become "mired in an ongoing fee dispute which has affected their working relationship." *U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc.*, 994 F. Supp. at 253. Specifically, good cause for withdrawal has been found where a client fails or refuses "to pay or secure the proper fees or expenses of the attorney after being seasonably requested to do so." *Jacobs v. Pendel*, 236 A.2d 888, 890 (N.J. Super. Ct. App. Div. 1967). In *U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc.*, the Court acknowledged that the fee dispute created an adversarial relationship between attorney and client, and did not see any benefit in continued representation. *U.S. ex rel. Cherry Hill Convalescent Ctr. Inc.*, 994 F. Supp. at 253.

Permissive withdrawal requires more than a "sudden disenchantment with a client or a cause." *Rusinow v. Kamara*, 920 F. Supp. 69, 72 (D.N.J. 1996). In *Rusinow*, Plaintiffs' counsel

requested withdrawal from representation based on responses from Plaintiffs after being confronted with information regarding potential insurance fraud committed by Plaintiffs. *Id*. at 71. In denying counsel's motion to withdraw, the Court noted that counsel had not shown good cause, and that Plaintiffs would be prejudiced, as counsel had represented Plaintiffs in the case for two years and trial was less than two weeks away. *Id*. at 72. The Court concluded that "[t]hose who cannot live with risk, doubt and ingratitude should not be trial lawyers" and that a "lawyer's duty to his or her client cannot be sacrificed to ambivalence." *Id*.

Here, prior to being discharged by Defendant, FKH vigorously represented Defendant despite not being fully compensated for its work. (*See* Declaration at ¶ 7). Thus, pursuant to RPC 1.16(b)(6) not only has representation become impossible as FKH was discharged, but FKH will suffer an unreasonable financial burden by continuing to represent Defendant. Accordingly, good cause can be shown under several subsections of RPC 1.16 such that withdrawal from representation should be granted.

Finally, in determining the harm withdrawal might cause to the administration of justice, courts look to "whether withdrawal would significantly impair a client's ability to find substitute counsel or to maintain the action." *Haines*, 814 F. Supp. at 425; *see also Kriegsman v. Kriegsman*, 150 N.J. Super. 474, 479-80 (Super. Ct. App. Div. 1977). Courts also consider the stage of the litigation in any prejudice analysis. *Euro Classics, Inc. v. PBB Global Logistics*, 2008 U.S. Dist. LEXIS 61437, *4 (D.N.J. Aug. 11, 2008) (*citing Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160, 164 (3d. Cir. 2007)).

Here, Defendant has ceased operations and discharged Defendant, thus evidencing its intent that it no longer wishes to defend against Plaintiff's claims. (*See* Declaration at ¶¶ 5-6). However, if withdrawal is not permitted, FKH will suffer significant financial prejudice by

continuing to represent a client who is no longer a functioning business.  It will be impossible for FKH to provide effective representation to Defendant without communication as it has ceased operations.  (*See* Declaration at ¶ 6).   Accordingly, given the financial and other constraints placed upon FKH, as set forth above, FKH, Perr, Littman, and Hogan should be permitted to withdraw their appearances.

### III.  CONCLUSION

For the foregoing reasons, Fineman Krekstein & Harris, P.C., Richard J. Perr, Esquire, Monica M. Littman, Esquire, and Graeme E. Hogan, Esquire, respectfully request that this Honorable Court grant their Motion for Leave to Withdraw as Counsel.

FINEMAN KREKSTEIN & HARRIS, P.C.

By:	/S/ Monica M. Littman
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
GRAEME E. HOGAN, ESQUIRE
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA  19103-1628
(v) 215-893-9300; (f) 215-893-8719
rperr@finemanlawfirm.com
mlittman@finemanlawfirm.com
ghogan@finemanlawfirm.com
Attorneys for Defendant Stellar Recovery, Inc.

Dated:  February 23, 2018

# CERTIFICATE OF SERVICE

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system, or by first class mail, postage prepaid, or telecopy on the following:

>Ari Hillel Marcus, Esquire
>Yitzchak Zelman, Esquire
>Marcus & Zelman, LLC
>1500 Allaire Avenue, Suite 101
>Ocean, NJ  07712
>(v) 732-695-3282; (f) 732-298-6256
>ari@marcuszelman.com; yzelman@marcuszelman.com
>Attorneys for Plaintiff

/S/ Monica M. Littman
MONICA M. LITTMAN, ESQUIRE

Dated:   February 23, 2018